IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK STEVEN WEST, SPN #00012720, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-2717 |
| SHERIFF ED GONZALES, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Mark Steven West (SPN #00012720), is currently confined as a pretrial detainee in the Harris County Jail. West has filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) concerning his confinement on state court criminal charges. West has also filed a supplement to his Complaint, which includes exhibits from his state court criminal proceeding ("Supplement") (Docket Entry No. 7). Because West is in custody the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

On May 31, 2018, West was booked into the Harris County Jail (the "Jail").[1] Exhibits provided by West reflect that he has been charged as the result of that arrest with assault on a family or household member as a repeat offender in Harris County Cause No. 159160301010.[2] He remains in custody at the Jail pending those charges.[3]

West explains that he was taken to the Jail medical department upon his arrest and treated for an unspecified issue with his blood pressure.[4] On June 1, 2018, a magistrate determined that there was probable cause for further detention and declined to grant a bond.[5] West was not present for that determination because of his "medical" status.[6]

On June 10, 2018, West was treated for depression and "classified to a mental health unit" at the Jail.[7] Shortly

---

[1] Complaint, Docket Entry No. 1, p. 13.

[2] Statutory Warning By Magistrate, Docket Entry No. 7, p. 5.

[3] See Harris County Sheriff's Office, Jail Information, located at: http://www.harriscountyso.org (last visited Oct. 9, 2018).

[4] Complaint, Docket Entry No. 1, p. 13.

[5] Probable Cause for Further Detention & Statutory Warnings by Magistrate, Docket Entry No. 7, p. 4.

[6] Id.

[7] Id. at 14.

thereafter, on or about June 15, 2018, West submitted an "inmate request," followed by a grievance on June 21, 2018, to a shift supervisor (Sergeant Lorenz), complaining that he had not been taken to a "probable cause court."[8] West reports that he did not receive a response to his grievance and did not go to court until July 10, 2018, where local criminal defense attorney Ken Goode was appointed to represent him.[9]

Invoking 42 U.S.C. § 1983, West now sues Harris County Sheriff Ed Gonzales, Sergeant Lorenz, and Goode.[10] West contends that Lorenz violated his constitutional rights by not taking immediate action on his inmate request or grievance concerning the delay in taking him to probable cause court.[11] West contends that Sheriff Gonzalez is liable because he is the supervisory official who is responsible for the everyday operation of the Jail.[12] West contends that Goode is liable because he waived West's right to a in-person

---

[8] Id.

[9] Id. at 15. Although the Complaint identifies West's appointed attorney as "Ken Godll," exhibits in the record show that counsel's name is Ken Goode. See Statutory Warning by Magistrate, Docket Entry No. 7, p. 5. Therefore, the court will refer to this defendant by his correct name.

[10] Complaint, Docket Entry No. 1, p. 3.

[11] Id. at 3-4.

[12] Id.

probable cause hearing without first informing him.[13] West demands his immediate release and he seeks compensatory damages for every day of wrongful imprisonment.[14] In addition, West has filed a motion for an appointed attorney to assist him with this case (Docket Entry No. 9) and a motion to dismiss Goode as his criminal defense counsel in Harris County Cause No. 159160301010 (Docket Entry No. 10).

## II. **Discussion**

### A. **Claims Against Goode**

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Lefall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted). In other words, the alleged violation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Lugar v. Edmundson Oil Co., 102 S. Ct. 2744, 2753 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one

---

[13] Id.

[14] Id. at 4.

who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." Id.

West sues Goode for actions taken while he was acting as West's criminal defense attorney. Criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under 42 U.S.C. § 1983. See Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (citing Polk Cty. v. Dodson, 454 U.S. 312, 324-25 (1981); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Because a civil rights complaint against a criminal defense attorney does not allege state action, West fails to state a claim upon which relief can be granted against Goode. See Hudson, 98 F.3d at 873; see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). This court does not otherwise have jurisdiction to intervene in an ongoing state court criminal matter or to dismiss counsel appointed by a state court. See Younger v. Harris, 91 S. Ct. 746, 750-51 (1971) (explaining that federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present).

**B. Claims Against Sheriff Gonzales and Sergeant Lorenz**

West sues Sheriff Gonzales and Sergeant Lorenz in their capacity as supervisory officials at the Jail. A supervisor may not be held liable for a civil rights violation under a theory of respondeat superior or vicarious liability. Monell v. Dep't of

Social Svcs. of City of New York, 98 S. Ct. 2018, 2036 (1978); Evett v. DETNTFF, 330 F.3d 681, 689 (5th Cir. 2003). Because vicarious liability is inapplicable in a § 1983 suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).

Supervisory officials can be held liable only if the plaintiff demonstrates either one of the following: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). There must be an affirmative link between the alleged injury and the defendant's conduct. See id. at 304; see also Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) (citing Rizzo v. Goode, 96 S. Ct. 598, 604 (1976)). In the absence of personal participation in an offensive act a supervisor cannot be held liable unless he implements a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Thompkins, 828 F.2d at 304 (quotations omitted).

West does not allege facts showing that Sheriff Gonzales had any personal involvement with his claims or that West was deprived of a probable cause hearing as the result of a deficient policy in place at the Jail. To the extent that West faults Sergeant Lorenz

for failing to take action on the grievance that he filed about his attendance at probable cause court, this allegation fails to state a claim because it is well established that an inmate has no constitutionally protected interest "in having grievances resolved to his satisfaction." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). West does not otherwise show that he was denied a probable cause determination or that he is wrongfully confined in violation of his constitutional rights. Accordingly, West's Complaint against Sheriff Gonzales and Sergeant Lorenz must be dismissed for failure to state a claim upon which relief can be granted.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner Civil Rights Complaint filed by Mark Steven West under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

3. West's motions for appointment of counsel and his to dismiss his criminal defense attorney (Docket Entry Nos. 9, 10) are **DENIED**.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to the Manager of the Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 10th day of October, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE